UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE DECORMIER,<br><br>           Plaintiff,<br><br>      v.<br><br>NATIONSTAR SERVICERS, LLC and JAY BREY,<br><br>           Defendants. | Case No.: 1:20-cv-00062-DAD-JLT<br><br>FINDINGS AND RECOMMENDATION DISMISSING THE ACTION |

     Plaintiff filed this action on January 13, 2020, seeking to enforce an alleged arbitration award. (Doc. 1.) For the following reasons, the Court recommends that the action be **DISMISSED** with prejudice.

**I.      Screening Requirement**

     "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

     A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke

v. Williams, 490 U.S. 319, 325 (1989).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III. Discussion and Analysis

Plaintiff seeks to enforce an alleged arbitration award. (See Doc. 1.) The document Plaintiff

filed purports to reflect the ruling in an arbitration proceeding. (See Doc. 1 at 3-6.) However, this filing is a fraudulent attempt to extract money from Defendants. Also pending in this Court is a complaint filed by Defendant Nationstar Mortgage LLC alleging that defendants in that case, Robert Presley and Healing my People, operate a sham arbitration service that preys upon unsuspecting debtors by issuing fraudulent and false arbitration awards. Nationstar Mortgage LLC v. Presley, et al., No. 1:20-cv-00620-NONE-JLT.[1] These awards do not result from legitimate arbitrations where all the parties to the arbitration participate, and they do not stem from any contractual agreement to arbitrate between parties. See id. (Doc. 20 at 5.) Instead, these awards are mere pieces of paper paid for by borrowers that have no legal effect. See id.

It appears that Robert Presley issued such an arbitration award to Plaintiff. (See Doc. 1 at 3-6.) However, the facts do not demonstrate that Defendants consented to or participated in such an arbitration proceeding. See also Nationstar Mortgage LLC v. Presley, et al., No. 1:20-cv-00620-NONE-JLT (Doc. 50 at 5.) Courts have acknowledged the fraudulent nature of such arbitration awards. See id. (Doc. 22, Exh. A, B.)

This arbitration award was not obtained in a legitimate arbitration and is a fraudulent document that is not legally enforceable. Plaintiff's filing is wholly frivolous, and the Court cautions her that any further such filings may subject her to any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

**IV.     Findings and Recommendations**

Based upon the foregoing, the Court **RECOMMENDS** as follows:

1.      Plaintiff's complaint be **DISMISSED** with prejudice; and

2.      The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 2, 2020**         /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE