UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE DECORMIER,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONSTAR SERVICERS, LLC, and JAY BREY<br><br>  Defendants. | No. 1:20-cv-00062-DAD-JLT<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, AND *SUA SPONTE* DISMISSING ACTION<br><br>(Doc. No. 4) |

Plaintiff Joyce Decormier is proceeding *pro se* with this civil action seeking to enforce an alleged arbitration award. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 3, 2020, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that this action be dismissed with prejudice as frivolous. (Doc. No. 4 at 2–3.) The magistrate judge found that plaintiff's filing of this action is wholly frivolous and based on a fraudulent attempt to extract money from defendants using false and fraudulent arbitration awards. (Doc. No. 4 at 2–3.) The pending findings and recommendations were served on plaintiff[1] and contained notice that any objections thereto were

---

[1] The court notes that although served on plaintiff by mail directed to her address of record, on October 7, 2020, the findings and recommendations were returned to the court by the U.S. Postal Service as undeliverable with the notation "Refused – She Lives Here"

1

to be filed within fourteen (14) days after service.  (*Id.* at 8.)  To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the undersigned will decline to adopt the findings and recommendations for the reasons explained below.

The findings and recommendations refer to screening requirements set forth in 28 U.S.C. § 1915A(b), and § 1915(e)(2), which apply to actions brought by prisoners, and provide that the court shall dismiss a complaint if it is "frivolous or malicious."  28 U.S.C. § 1915A(b).  (*Id.* at 1.)  Relying on that provision, the magistrate judge screened plaintiff's complaint and determined that the complaint was frivolous.  (*Id.* at 3.)

Here, however, those screening requirements and provisions are not applicable in this case because plaintiff is not a prisoner.  Nevertheless, the findings and recommendations have alerted the undersigned to the purported deficiencies in plaintiff's complaint, including that plaintiff bases her lawsuit on an arbitration award that was not obtained in a legitimate arbitration and is in fact a fraudulent document that is not legally enforceable.  (Doc. No. 4 at 3.)  In light of the magistrate judge's thorough review of the record in this case and the record in another case pending before this court in which plaintiff has been sued for allegedly engaging in this same fraudulent arbitration award scheme, the undersigned agrees with the magistrate judge's finding that plaintiff's complaint in this action is wholly frivolous and will dismiss plaintiff's complaint on that basis.

A frivolous complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint may be dismissed as 'factually frivolous' only if the facts alleged are 'clearly baseless' which encompasses allegations that are fanciful, fantastic and delusional."  *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).  "A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction."  *Tr. v. Am. Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016) (*sua sponte* dismissing the complaint after concluding that "the


1  complaint is frivolous, provides insubstantial support for federal subject matter jurisdiction, and
2  cannot be amended to state a claim for which relief can be granted") (citing *Hagans v. Lavine*,
3  415 U.S. 528, 537–38 (1974) (noting that "federal courts are without power to entertain claims
4  otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely
5  devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer
6  open to discussion")); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting that "a
7  district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter
8  jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the
9  allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of
10 merit, or no longer open to discussion").

        The undersigned agrees with the magistrate judge's findings that plaintiff's complaint filed in this action is baseless, fraudulent, devoid of merit, and wholly frivolous.  (*See* Doc. No. 4.)  Accordingly, the court will *sua sponte* dismiss plaintiff's frivolous complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *See Neitzke*, 490 U.S. at 327 n.6 (courts lack subject matter jurisdiction to consider "patently insubstantial" complaints); *see also Bikle v. Santos*, No. 13-cv-1662-DOC-JPR, 2013 WL 12084155, at *1 (C.D. Cal. Dec. 13, 2013), *aff'd*, 609 F. App'x 424 (9th Cir. 2015) ("The Court may [] *sua sponte* dismiss a frivolous, patently insubstantial complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is obviously frivolous does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process.").

        Accordingly,

1. The court declines to adopt the findings and recommendations issued on September 3, 2020 (Doc. No. 4);

2. Nonetheless, the court *sua sponte* dismisses this action as frivolous, without prejudice, due to a lack of federal subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and

/////

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**October 9, 2020**__  _____
UNITED STATES DISTRICT JUDGE